UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| BENAMIN BOYNTON, JR., | |
|---|---|
| Petitioner, | CIVIL ACTION NO. 1:16-CV-00449 |
| v. | (CONNER, C.J.)<br>(MEHALCHICK, M.J.) |
| WARDEN TAMMY FERGUSON, et al., | |
| Respondents. | |

## **REPORT AND RECOMMENDATION**

On March 14, 2016, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the Petitioner Benjamin Boynton Jr. on March 9, 2016.[1] (Doc. 1). At all times relevant to this action, Boynton has been incarcerated at the State Correctional Institution at Benner Township, located in Bellefonte, Pennsylvania.

In his petition, Boynton challenges his 2006 conviction and sentence in the Court of Common Pleas of Lackawanna County for rape of a child, aggravated indecent assault, indecent assault, and corruption of a minor. (Doc. 1, at 1; Doc. 2, at 3); *Commonwealth v. Boynton*, Docket No. CP-35-CR-0001482-2005 (Lackawanna Cnty. C.C.P.).[2] Although counsel for Boynton filed a notice of appeal to the Superior Court of Pennsylvania, Boynton's direct

---

[1] Along with his petition, Boynton filed a 37-page memorandum of law. (Doc. 2)

[2] In addition to the petition, a federal habeas court may take judicial notice of court records. *Minney v. Winstead*, No. 2:12-CV-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly-available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Lackawanna County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania, as well as the docket sheets of Boynton's civil actions filed in this District.

appeal was dismissed on October 19, 2006 after counsel failed to file a brief. (Doc. 2, at 5-6); *Commonwealth v. Boynton*, Docket No. 1287 MDA 2006 (Pa. Super. Ct.). Over five years later, Boynton filed a petition for post-conviction collateral relief ("PCRA") in the state trial court, which was ultimately dismissed on March 6, 2014. *Commonwealth v. Boynton*, Docket No. CP-35-CR-0001482-2005 (Lackawanna Cnty. C.C.P.). Boynton appealed the denial of his PCRA petition to the Superior Court on March 12, 2014, which affirmed the trial court's dismissal on May 27, 2015. *Commonwealth v. Boynton*, Docket No. 507 MDA 2014 (Pa. Super. Ct.). The Supreme Court of Pennsylvania thereafter denied Boynton's petition for allowance of appeal on October 14, 2015. *Commonwealth v. Boynton*, Docket No. 584 MAL 2015 (Pa.).

Three years prior to initiating PCRA proceedings and seven years before filing the instant federal habeas petition, Boynton previously challenged this very same state court criminal conviction in an earlier federal habeas petition filed before this Court on January 12, 2009. (*Boynton v. Cameron*, Case No. 1:09-CV-00053, Doc. 1). That petition was denied as procedurally defaulted pursuant to 28 U.S.C. § 2254(b)(1)(A) on June 11, 2009. *Boynton v. Cameron*, No. CIV.A 1:09-CV-0053, 2009 WL 1653545, at *1 (M.D. Pa. June 11, 2009). Furthermore, the District Court explicitly denied Boynton's motion for issuance of a certificate of appealability. (*Boynton v. Cameron*, Case No. 1:09-CV-00053, Doc. 15). After Boynton filed a notice of appeal, the United States Court of Appeals for the Third Circuit also denied Boynton's request for a certificate of appealability. (*Boynton v. Cameron*, Case No. 1:09-CV-00053, Doc. 22).

In the instant petition, Boynton alleges that he is being unlawfully held in custody because the Commonwealth failed to satisfy its burden of proving its *prima facie* case at Boynton's preliminary hearing before the trial judge, and because he received ineffective

- 2 -

assistance of trial and direct appellate counsel. (Doc. 2). Because both of these grounds for relief could have been raised in his initial federal habeas petition, the instant petition is a "second or successive" petition as to which this Court lacks subject matter jurisdiction in the absence of pre-authorization by the Third Circuit. *See* 28 U.S.C. § 2244(b); *Benchoff v. Colleran*, 404 F.3d 812, 815–17 (3d Cir. 2005).

Based upon the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(2), without prejudice to Boynton's right to seek pre-authorization from the Third Circuit under 28 U.S.C. § 2244(b)(3). It is further recommended that the Court decline to issue a certificate of appealability, as Boynton has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

BY THE COURT:

Dated: May 15, 2017

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENAMIN BOYNTON, JR.,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN TAMMY FERGUSON, et al.,<br><br>        Respondents. | CIVIL ACTION NO. 1:16-CV-00449<br><br>(CONNER, C.J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 15, 2017**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: May 15, 2017                        *s/ Karoline Mehalchick*
                                                                      **KAROLINE MEHALCHICK**
                                                                      **United States Magistrate Judge**